# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 19, 2017

| | |
|---|---|
| * * * * * * * * * * * * | UNPUBLISHED |
| OLIVA GUZMAN, *as Parent* | |
| Z.G., *a Minor*, | No. 16-246 |
| Petitioner, | Chief Special Master Dorsey |
| v. | |
| | Decision based on Stipulation; |
| SECRETARY OF HEALTH | Tetanus, Diphtheria, Acellular Pertussis |
| AND HUMAN SERVICES, | ("TDaP") Vaccine; Varicella Vaccine; |
| | Influenza ("flu") Vaccine; Benign Cyst at |
| | Injection Site. |
| Respondent. | |
| * * * * * * * * * * * * | |

Edward Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On February 19, 2016, Oliva Guzman ("petitioner") filed a petition in the National Vaccine Injury Compensation Program on behalf of her minor daughter, Z.G. 42 U.S.C. § 300aa-10 to -34. The petition alleged that Z.G. developed a benign tumor[2] in her right upper arm after receiving the TDaP and Varicella vaccinations on August 22, 2013, and the influenza ("flu") vaccination on November 14, 2013. Amended Petition at 1.

On December 18, 2017, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. Respondent denies that the TDaP, Varicella, or flu vaccinations caused or significantly aggravated Z.G.'s condition, or caused her any other injury.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The parties used the words "tumor" and "cyst" interchangeably.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation.**

This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a). Stipulation at ¶8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED**

                                                          s/Nora Beth Dorsey
                                                            Nora Beth Dorsey
                                                             Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| OLIVA GUZMAN, parent of Z.G., a minor, ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND HUMAN ) SERVICES, ) ) Respondent. ) ) | No. 16-246V<br>Chief Special Master Nora Beth Dorsey |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, Z.G., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Z.G.'s receipt of the Tdap, Varicella, and influenza ("flu") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Z.G. received Tdap and Varicella immunizations on August 22, 2013, and a flu vaccination on November 14, 2013.

3. The vaccines were administered within the United States.

4. Petitioner alleges that the vaccines caused Z.G. to suffer from a benign arm lesion or cyst, and that Z.G. experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Z.G. as a result of her condition.

1

6. Respondent denies that the vaccines caused Z.G.'s alleged benign arm lesion or cyst or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. §300aa-15(a):

> An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of Z.G., pursuant to which the Life Insurance Company will agree to make the payment set forth below to Z.G. for all damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

$19,115.84 payable in a certain lump sum on Z.G.'s 18th birthday, July 24, 2022.

The payment provided for in this paragraph 10 shall be made as set forth above. Should Z.G. predecease the payment set forth above, the certain payment shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of Z.G.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of Z.G. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of Z.G., on behalf of herself, Z.G., and Z.G.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Z.G. resulting from, or alleged to have resulted from, the vaccinations administered on August 22, 2013 and November 14, 2013, as alleged by petitioner in a petition for vaccine compensation originally filed on February 19, 2016, and amended on December 8, 2016, in the United States Court of Federal Claims as petition No. 16-246V.

17. If Z.G. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused Z.G. to suffer from a benign arm lesion or any other injury or condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Z.G.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*Oliva Guzman*
OLIVA GUZMAN

ATTORNEY OF RECORD FOR PETITIONER:

*Edward Kraus*
EDWARD KRAUS, ESQ.
Law Offices
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
Tel: (312) 906-5072

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR RESPONDENT:

ALEXIS B. BABCOCK
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-7673

Dated: 12/18/17