# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 25, 2018

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| OLIVA GUZMAN, as Parent of Z.G., a Minor, | No. 16-246V |
| Petitioner, | Chief Special Master Dorsey |
| v. | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 19, 2016, Oliva Guzman ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of her daughter, Z.G., a minor. On December 8, 2016, petitioner filed an amended petition alleging as a result of the Tdap and/or Varicella vaccines Z.G. received on August 22, 2013, she developed a tumor in her right upper arm at the injection site, which was caused in fact by one or both of the vaccines. Amended Petition dated Dec. 08, 2016 at ¶ 1. (ECF No. 31.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 19, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. Decision dated Dec. 19, 2017 (ECF No. 52.)

On January 8, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees and Costs ("Pet. Mot.") dated. Jan 8, 2018 (ECF No. 53.) Petitioner requests attorneys' fees in the amount of $28,828.30 and attorneys' costs in the amount of $2,213.34. *Id.* at 1. Petitioner incurred costs in the amount of $426.90 related to travel for the hearing. *Id.* Thus, the total amount requested is $31,468.54.

On January 19, 2018, respondent filed a response to petitioner's motion. Respondent's Response ("Resp. Res.") dated Jan. 19, 2018 (ECF No. 55.) Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested attorney hourly rates or costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The petitioner's request is reasonable, and the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the following:**

1) **A total of $31,041.64**[3] **as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Edward M. Kraus;**

2) **A total of $426.90 in the form of a check payable to petitioner, Oliva Guzman.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

The Clerk of the Court SHALL ENTER JUDGMENT in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.