# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 1, 2022

| | | |
|---|---|---|
| OLIVA GUZMAN, parent of Z.G., a minor, | * * * | PUBLISHED |
| Petitioner, | * * | No. 16-246V |
| v. | * * | Special Master Nora Beth Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Motion for Relief from Judgment; Vaccine Rule 36; RCFC 60(b). |
| Respondent. | * * | |

Edward Kraus, Kraus Law Group, LLC, Chicago, IL, for petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.

### ORDER GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT[1]

Respondent filed a joint motion for relief from judgment on August 1, 2022, requesting that the case be reopened. Joint Motion for Relief from Judgment ("Joint Mot."), filed Aug. 1, 2022 (ECF No. 61). For the forgoing reasons, the parties' joint motion is **GRANTED**.

### I. RELEVANT PROCEDURAL HISTORY

On February 19, 2016, Oliva Guzman ("petitioner"), on behalf of her minor daughter, Z.G., filed a petition for compensation under the National Vaccine Injury Compensation

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012),[2] alleging that Z.G. developed a benign tumor in her right upper arm after receiving tetanus-diphtheria-acellular pertussis ("Tdap") and Varicella vaccinations on August 22, 2013, and an influenza ("flu") vaccination on November 14, 2013. Amended Petition at 1 (ECF No. 31). On December 19, 2017, the undersigned issued a decision, finding petitioner entitled to compensation and awarding petitioner damages as agreed upon in a stipulation filed December 18, 2017. Decision dated Dec. 19, 2017 (ECF No. 52). Judgment entered on January 19, 2018. Judgment dated Jan. 19, 2018 (ECF No. 56).

Respondent filed a joint motion for relief from judgment on August 1, 2022, requesting that the case be reopened. Joint Mot. Specifically, the parties explained "that due to an internal error, the [respondent] never purchased the annuity contract as directed." Id. at 1-2. Given that Z.G. is now 18, purchasing an annuity is no longer practicable and "the parties agree that the best solution is to re-open the case, and strike the prior Stipulation, Decision, and Judgment." Id. at 2. The parties request that once the case caption has been amended to include only Z.G. as the petitioner, "the Court issue a Decision directing a lump sum payment to Z.G. as contemplated by the parties' original settlement. Finally, following the submission of a Joint Notice Not to Seek Review, the parties request that the Court issue Judgment that is consistent with the revised Decision." Id.

Relying on RCFC 60(b)(6), which provides relief from judgment for "any other reason that justifies relief," the parties argue the relief sought "is appropriate as a matter of fundamental fairness to Z.G., and because it is consistent with the original intent of the parties in informally resolving the case." Joint Mot. at 2. The parties further believe this is an "extremely unusual circumstance" warranting relief. Id. Additionally, in accordance with RCFC 60(c)(1), this motion was filed "within a reasonable time" after the parties were aware of the issue. Id.

On August 1, 2022, petitioner field a status report stating that "she is in agreement with the relief requested in the motion for relief from judgment filed by respondent on August 1, 2022." Petitioner's Status Report, field Aug. 1, 2022 (ECF No. 64).

This matter is now ripe for adjudication.

## II. APPLICABLE LEGAL STANDARDS

Vaccine Rule 36(a) allows a party to seek relief from judgment pursuant to RCFC 60. In determining whether a judgment should be set aside or altered, "the need for finality of judgments" must be balanced against "the importance of ensuring that litigants have a full and fair opportunity to litigate." Kennedy v. Sec'y of Health & Hum. Servs., 99 Fed. Cl. 535, 539 (2011) (citing United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 276 (2010)); see also Bridgham ex rel. Libby v. Sec'y of Health & Hum. Servs., 33 Fed. Cl. 101, 104 (1995) (discussing the "tension between the goals of ensuring that the court's judgment appropriately

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this Order to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

reflects the adjudication of the parties' rights and of providing the parties with certainty as to those rights").

"The court has discretion regarding whether to grant relief under [RCFC] 60(b), 'and the court may weigh equitable considerations in the exercise of its discretion.'" Curtis v. United States, 61 Fed. Cl. 511, 512 (2004) (quoting Dynacs Eng'g Co. v. United States, 48 Fed. Cl. 240, 241-42 (2000)). RCFC 60(b) as a remedial provision is to be "liberally construed for the purpose of doing substantial justice." Patton v. Sec'y of Health & Hum. Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1994).

Under RCFC 60(b), the court may grant relief from a final judgment on the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

RCFC 60(b).

Motions for relief under RCFC 60(b) "seek . . . to set aside a final decision and it is incumbent upon the motion-filer to demonstrate that [s]he . . . is entitled to relief." Kennedy, 99 Fed. Cl. at 550. The motion's statements are "not like a pleading . . . in which the factual allegation[s] are presumed true." Id.

As a threshold matter, RCFC 60(c)(1) requires that "[a] motion under RCFC 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c)(1).

The catch-all provision of RCFC 60(b)(6) provides for relief from judgment upon "any other reason that justifies relief." RCFC 60(b)(6). "The court is limited in granting relief under RCFC 60(b)(6) in two respects: (1) the grounds asserted for relief must not be the same as those listed in [RCFC] 60(b)(1)–(5), and (2) there must be a valid reason that justifies affording the relief, usually broadly described as extraordinary circumstances." Q Integrated Cos., LLC v. United States, 131 Fed. Cl. 125, 132 (2017); see also Kenzora v. Sec'y of Health & Hum. Servs., No. 10-669V, 2015 WL 6121582, at *2 (Fed. Cl. Spec. Mstr. Sept. 25, 2015) (citing Freeman v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 280, 283 (1996); Kennedy, 99 Fed. Cl. at 547; Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988)). Clauses (1)-(4) are mutually exclusive with clauses (5) and (6), and thus, relief under clause (6) cannot be asserted on one of those grounds. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993); Kenzora, 2015 WL 6121582, at *2.

In addition, in order to justify relief, a showing of "extraordinary circumstances" is required. Kennedy, 99 Fed. Cl. at 548 (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). RCFC 60(b)(6) permits the decision maker to grant relief from judgment to a party only in circumstances in which a "grave miscarriage of justice" would otherwise result. Id. at 540 (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). This narrow use of RCFC 60(b)(6) is essential in order to preserve the finality of judgments. Id. at 548 (citing Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). The party seeking relief from judgment "must show that the extraordinary circumstances prevented [the] party from taking timely action to prevent or correct an erroneous judgment." Q Integrated, 131 Fed. Cl. at 132 (internal citations omitted).

### III. ANALYSIS

#### A. Relief from Judgment Is Available Under RCFC 60(b)(6)

RCFC 60(b)(6) is often referred to as the "catch all" provision. It allows a court to reopen a case and vacate a judgment for "any other reason that justifies relief." RCFC 60(b)(6). The rule must be narrowly construed in order to preserve the finality of judgments. Kennedy, 99 Fed. Cl. at 548 (citing Gonzalez, 545 U.S. at 535). Relief from judgment under RCFC 60(b)(6) must be justified by a showing of "exceptional circumstances," where a "grave miscarriage of justice would result if relief is denied." Id. at 540, 548. However, "[RCFC] 60 relief is not available as a means to relitigate claims that have already been decided; if it were, then no decision would ever be final." Rogero v. Sec'y of Health & Hum. Servs., 143 Fed. Cl. 21, 27. (2019).

Here, petitioner has demonstrated "exceptional circumstances" and that a "grave miscarriage of justice" would result if the motion is not granted. Judgment entered in 2018, providing an amount sufficient for respondent to purchase an annuity contract for the benefit of Z.G. that would pay a lump sum of $19,115.84 on Z.G.'s 18th birthday. Shortly before Z.G.'s 18th birthday, the parties determined an annuity contract was never purchased. Because Z.G. is now 18, an annuity contract is no longer practical. Thus, in order to ensure a grave miscarriage of justice does not result, the undersigned grants the parties' joint motion for relief from judgment and reopens this case.

### IV. CONCLUSION

The parties' joint motion for relief from judgment is **GRANTED**. The parties are directed to file a new stipulation **by Wednesday, August 31, 2022**.

    IT IS SO ORDERED.

                                          **s/Nora Beth Dorsey**
                                          Nora Beth Dorsey
                                          Special Master